**JCJ** IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD HOLBROOK<br>4504 E. HOWELL STREET<br>PHILADELPHIA, PA 19135 | : CIVIL ACTION NO. |

v.

THE CITY OF PHILADELPHIA
C/O CITY OF PHILADELPHIA
LAW DEPARTMENT
1515 ARCH STREET, 14TH
FLOOR
PHILADELPHIA, PA 19102      : JURY TRIAL DEMANDED

AND

CURRENTLY UNAMED AND
UNKNOWN CITY OF
PHILADELPHIA POLICE OFFICERS:

AND
STATE POLICE OFFICER RIVERA :
2201 BELMONT AVENUE
PHILADELPHIA, PA
AND

PHILADELPHIA CARRAIGE CO.
500 N. 13TH STREET
PHILADELPHIA, PA 19123

10    2563



FILED

MAY 27 2010

## COMPLAINT

### JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. S 1983. Jurisdiction
is based on 28 U.S.C. S 1331 and 1343 (1), (3) (4) and the aformentioned
statutory provision.  Plaintiff further invokes the supplemental
jurisdiction of this Court to hear and adjudicate state law claims
pursuant to 28 U.S.C. S 1367 (a) to hear and adjudicate state law claims.

### PARTIES

2.  Plaintiff, Edward Holbrook who has an address of 4504 Howell Street,
Philadelphia, PA 19135.

3.  Defendant, the City of Philadelphia is a municipality of the
Commonwealth of Pennsylvania and owns, operates, manages, directs and
controls the Philadelphia Police Department which employes the currently
unamed and unknown City of Philadelphia Police Officers referred to in
the caption above.

4.  The currently unamed and unknown City of Philadelphia Police Officers

are employees of the City of Philadelphia, and at all times relevant to
the averments of this Complaint were acting under color of state law, and
are being sued in their official and individual capacities.

5.  Defendant, the Philadelphia Carriage Company is a private business in
the City of Philadelphia, and has an address of 500 N. 13th Street,
Philadelphia, PA 19123.

6.  Defendant State Officer Rivera has a business address of 2201 Belmont
Avenue, Philadelphia, PA, and is being sued in his individual capacity.


## FACTUAL ALLEGATIONS

7.  On May 29, 2008, Plaintiff was arrested in New Jersey, pursuant to an
arrest warrant which was prepared by members of the Philadelphia Police
Department, alledging that Plaintiff had violated Pennsylvania law with
respect to charges related to failure to properly register in Pennsylvania
for a sex offender.

8.  At the time of his arrest, Plaintiff had been similarly charged in
Pennsylvania for the same offense, or substantially similar offenses twice in
the past, in around the years 2000 and 2005 - in both matters, the charges
were dismissed.

9.  At the time of Plaintiff's arrest in 2008, Defendants were aware that they
lacked probable cause to have Plaintiff arrested, because not only were they
aware that the prior charges had been dismissed for lack of evidence, but also
because they were aware that Plaintiff did not meet the elements for the
crimes charged.

10.  At the time of Plaintiff's arrest in May 2008, Defendants were aware that
he was not required to register in Pennsylvania as a sex offender because he
had served his entire sentence for his crimes in 2004, and the ten year
requirement to register from the time of the offense had elapsed; and the
specific acts for which Plaintiff was convicted did not meet the legal
standard for registration in Pennsylvania.

11.  Defendants' motives for having Plaintiff arrested, were based on personal
animus against him, for his past crimes, unrelated to having probable cause
that a crime had been committed.

12.  As a result of his arrest, Plaintiff was incarcerated for approximately

three months, because he could not afford his bail until August 28, 2008.

13.  All charges related to the crimes for which the Philadelphia Police Department prepared an arrest warrant against Plaintiff, were dismissed on/around June 2009.

14.  Upon information and belief, in around June 2009 and thereafter, Defendant the City of Philadelhia  posted Plaintiff's name and personal information on a Website for sex offenders under "Megans Law", with the knowledge that Plaintiff was not required to register in Pennsylvania as a sex offender under that law.

15.  As a result of Defendants' actions against Plaintiff, he suffered extreme emotional distress, including depression for which he took psychotropic medication and for which he received psychiatric therapy.

16.  Upon information and belief, as late as June 2009, Defendant State Police Officer Rivera has been telling multiple third persons, that Plaintiff is in violation of Megan's Law, a statement which Officer Rivera knows to be false; these third persons, include members of the Philadelphia Police Department - Rivera's actions were done with a personal motive to harm Plaintiff, based on his personal animus for him.

17.  As a result of Defendants the City of Philadelhpia and its police officers, and Defendant Rivera, Plaintiff lost employment opportunities.

18.  Plaintiff formerly worked for the Philadelphia Carriage Company - in around June 2009, his boss, Han Hee Yoo made statements in the workplace, including in the presence of approximately 20-30 other employees, stating that Plaintiff was a "child molester", that he committed acts of a sexual nature against little boys, and that he was a pervert.

19.  Plaintiff quit his work with the Philadelphia Carriage House, because of the emotional effect of finding out what Ms. Yoo was stating about him to his coworkers.

20.  As a result of Ms. Yoo's statements, Plaintiff suffered a loss of his current reputation of being a currently law abiding, after he served his entire sentence for his crime from 1993; additionally, he was imputed with current criminal acts, which Defendants knew were false.

21. All Defendants violated Plaintiff's right to privacy by publishing his private matters for the purpose of harassing him, and with the knowledge that the matters were not of public concern.

22. As a result of having his privacy violated, Plaintiff suffered extreme emotional distress, including depression for which he received psychiatric therapy and medication.

## FIRST CAUSE OF ACTION

23. Plaintiff incorporates paragraphs 1-22 above as though fully set forth herein by reference.

24 As a direct and proximate result of the Defendants' conduct, including that of the City of Philadelphia and its' Police Department and Police Officers, which was committed under color of state law, Plaintiff was deprived of his right to be free from false arrest and unlawful seizure, and false imprisonment. As a result of the Defendants'conduct Plaintiff suffered violation of his rights under the laws and the Constitution of the United States, in particular, the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. S 1983.

25. As a direct and proximate result of the acts of the Defendants, Plaintiff has suffered and continues to suffer severe emotional distress, loss of enjoyment of life, and economic loss, all to his detriment and harm.

26. Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following police patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

a. Intentionally falsely arresting citizens of Philadelphia, with the knowledge that they do not have sufficient evidence to satisfy probable cause, and conspiring to have such citizens arrested with misleading and stale evidence, upon their malicious desire to have persons who have committed crimes in the past further punished for those crimes, with the knowledge that they have served their sentences for the prior crimes.

b. The proper exercise of police powers, including but not limited to the unreasonable use of force, the excessive use of force and unlawful seizure;

c.  The monitoring of police officers whom it knew or should have known were suffering from emotional and/or psychological problems which impaired their ability to function as officers;

d.  The failure to identify and take remedial or disciplinary action against police officers who were subject of prior civilian or internal complaints of misconduct;.

e.  Police officers' use of their status as police officers to selectively provide false and misleading evidence to the Philadelphia District Attorney's Office and the Court to attempt to ensure convictions and/or false imprisonment pending preliminary hearings and/or trials, against persons whom they selectively desire to be punished, including ex-convicts who have served their sentences.

f. unlawful arrest, or to achieve ends not reasonably related to their police duties;and

g.  The failure of police officers to follow established policies, procedures, directives and instructions regarding how to properly investigate crimes.

27.  The City of Philadelphia failed to properly sanction or discipline officers, who are aware of and/or aid and abet violations of constitutional rights of citizens by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the defendant officers in this case, to violate the rights of citizens such as Plaintiff.

28.  Defendants have by the above described actions deprived Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. S 1983.

WHEREFORE, Plaintiff requests the following relief:

a.  Compensatory damages;

b.  Punitive damages;

c.  Reasonable Attorney's Fees and Costs;

d.  Such other and further relief as appears reasonable and just;

e.  A jury trial as to each Defendant as as to each count.

## SECOND CAUSE OF ACITON
## SUPPLEMENTAL STATE CLAIMS

29.  Plaintiff incorporates paragraphs 1-28 above as though fully set forth herein.

30. The acts and conduct of the City of Philadelphia Defendants, including its' Police Officers, in this cause of action constitute defamation, invasion of privacy, including false light privacy, intentional infliction of emotional distress, and malicious prosecution under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

31. The actions of the Philadelphia Carriage Company and its owner Ms. Yoo constitute defamation and invasion of privacy.

32. The actions of State Police Officer Rivera, constitute defamation and invasion of privacy.

WHEREFORE, Plaintiff requests the following relief from all Defendants:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable Attorney's fees and costs;

d. Such other and further relief as appears reasonable and just;

e. A jury trial as to each Defendant and as to each count.

Respectfully submitted,

Reginald Allen, Esquire
Attorney ID No. 77083
7601 Crittenden Street
Unit F-12
Philadelphia, PA 19118
(215) 242-3875
Attorney for Plaintiff