# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD HOLBROOK<br>6635 Jackson Street,<br>Philadelphia, PA 19135 | : <br> : <br> : <br> : | |
| Plaintiff, | : <br> : | |
| v. | : <br> : | Civil Action No.: 10-2563 |
| CITY OF PHILADELPHIA d/b/a<br>Philadelphia Police Department<br>c/o City of Philadelphia Law Department<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102 | : <br> : <br> : <br> : <br> : | |
| And | : <br> : | |
| FELIX RIVERA, individually and in his<br>official capacity<br>c/o City of Philadelphia Law Department<br>Philadelphia, PA 19102 | : <br> : <br> : <br> : | |
| And | : <br> : | |
| Commonwealth of Pennsylvania d/b/a<br>Pennsylvania State Police and d/b/a<br>Pennsylvania Department of Corrections<br>1800 Elmerton Avenue<br>Harrisburg, PA 17110 | : <br> : <br> : <br> : <br> : | |
| And | : <br> : | |
| Pennsylvania Department of Corrections<br>2520 Lisburn Road, P.O. Box 598<br>Camp Hill, PA 17001 | : <br> : <br> : <br> : | JURY TRIAL DEMANDED |
| And | : <br> : | |
| Pennsylvania State Police<br>1800 Elmerton Avenue<br>Harrisburg, PA 17110 | : <br> : <br> : <br> : | |
| And | : <br> : | |

John Does 1-10	:
	:
	Defendants	:

## SECOND AMENDED COMPLAINT

1. The action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is based on 28 U.S.C. §1331 and §1343 (1), (3), (4) and the aforementioned statutory provisions.

2. Plaintiff, Edward Holbrook, is a citizen of Pennsylvania and resides as set forth above.

3. Defendant, City of Philadelphia, is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs Defendant, Felix Rivera.

4. Defendant, Felix Rivera, is an employee of the City of Philadelphia, specifically, the Philadelphia Police Department, and at all times relevant was acting under color of state law, and/or is being sued in his individual and/or official capacities.

5. Defendant, Commonwealth of Pennsylvania, doing business as Defendants, Pennsylvania State Police and Pennsylvania Department of Corrections, all at the above addresses, upon information and belief, jointly own, operate, manage, direct and control the registry for "Megan's Law," 42 Pa. C.S.A. §9791, et seq.

6. On or about July 21, 1992, Plaintiff was arrested in the State of New Jersey.

7. On or about September 23, 1993, Plaintiff pled guilty to unlawful aggravated sexual contact.

8. After a sentencing hearing, Plaintiff was sentenced to approximately ten (10) years probation.

9. On or about April 21, 1996, after Plaintiff's conviction, Megan's Law became effective in Pennsylvania.

10. On or about May 29, 2008, Plaintiff was arrested in New Jersey-pursuant to an arrest warrant prepared by Defendant, Rivera, therein alleging that Plaintiff had violated Pennsylvania law by failing to properly register in Pennsylvania as a sex offender.

11. At the time of his arrest, Plaintiff had been similarly charged in Pennsylvania for the same Megan's Law violation, and/or substantially similar offenses, at least twice in the past, on or about May 24, 2000 and on or about October 3, 2005.

12. In both of these substantially similar incidences, charges against Plaintiff were dismissed as the Court found Plaintiff not required to register pursuant to Megan's Law.

13. At the time of Plaintiff's May 30, 2008 arrest, Defendant, Rivera, had or should have had information within his possession or control which would have exonerated Plaintiff for the charge for which he was arrested.

14. At all times material, Rivera was or should have been aware that prior charges relating to Megan's Law registration had been dismissed by the Court, and that Plaintiff was, in fact, never obligated to register.

15. At the time of Plaintiff's arrest on May 30, 2008, Rivera was or should have been aware that Plaintiff was not required to register as a sex offender pursuant to Megan's Law because, among others, Plaintiff had served his entire sentence for his crime by the end of 2004, and the ten-year requirement to register from the time of the offense had lapsed.

16. At all times material, Rivera knew or should have known, among others, that Megan's Law was not retroactive, and that Plaintiff's conviction had occurred prior to the enactment of Megan's Law.

17. For the aforesaid, among others, Plaintiff was, simply, not subject to Megan's Law or its registry requirements.

18. Upon information and belief, Rivera prepared a warrant for Plaintiff's arrest based on personal animus against Plaintiff for the stigmata associated with Plaintiff's past crime.

19. At no time during the preparation of the arrest warrant did Rivera have probable cause to arrest Plaintiff-Plaintiff had committed no crime nor did Rivera have justifiable or legal reason to believe Plaintiff had committed a crime.

20. As a result of the arrest, Plaintiff was incarcerated for three months.

21. All criminal charges initiated by Felix against Plaintiff were, as before, dismissed on June 25, 2009.

22. Prior to being released, Defendants, John Does, representatives of Defendants, forcibly compelled Plaintiff to register with the Pennsylvania State Police's Megan's Law registry.

23. Plaintiff was compelled when he was advised he would not be released until he registered as a sex offender regardless of his ability to post bail.

24. Prior to his release, Plaintiff was, in fact, taken to a room by Defendants, John Does, and forced to register as a sex offender.

25. At no time during or prior to his release was Plaintiff obligated to register as a sex offender pursuant to Megan's Law.

26. As a result of the Defendants' actions against Plaintiff, Plaintiff suffered extreme emotional distress, including depression for which he was prescribed and took psychiatric medication, and for which he receives continuing psychiatric counseling and therapy.

27. Upon information and belief, as late as June 2009, Rivera advised multiple third persons, including Plaintiff's then employer, that Plaintiff is in violation of Megan's Law, a statement which Rivera knew at the time he was making it to be false, further evidence of Felix's animus.

28. As a result of the Defendants' conduct Plaintiff lost employment and employment opportunities.

### COUNT I – CIVIL RIGHTS VIOLATION
**Plaintiff v. Rivera & John Does 1-10, in their individual capacities**

30. Plaintiff incorporates paragraphs 1-29 above as if fully set forth at length herein.

31. Defendants' actions stated above, inter alia, were committed under a color of state law and were violations of Plaintiff's clearly established and well-settled constitutional and other civil rights.

32. Defendants caused Plaintiff to suffer violations including malicious prosecution and selective enforcement, and Plaintiff's right to equal protection, as well as violations of Plaintiff's rights to be free from unlawful search and seizure, and intimidation and retaliation, all in violation of the 1st, 4th and 14th amendments to the United States Constitution.

33. As a result of Defendants' conduct, Plaintiff suffered a deprivation of his liberty interests as well as a violation of his civil rights.

### COUNT II – CIVIL RIGHTS VIOLATION – MONELL
**Plaintiff v. Rivera, John Does 1-10, in their official capacities, and City of Philadelphia, Commonwealth of Pennsylvania, et al, and Pennsylvania Department of Corrections**

34. Plaintiff incorporates paragraphs 1-33 above as if fully set forth at length herein.

35. Defendants developed and maintained policies, practices and customs exhibiting deliberate indifference to the constitutional right of persons within their geographic and

jurisdictional limits, including Plaintiff, which caused violations of Plaintiff's constitutional and other rights.

36. Specifically, Defendants failed to adequately and properly educate, supervise and train in various aspect of law enforcement, criminal prosecution procedure and substance, including but not limited to, the nature and existence of lawful probable cause, as well as the laws of the United States, Commonwealth of Pennsylvania, and otherwise, including Plaintiff's rights under the I, IV and XIV Amendments and the application of Megan's Law.

37. The conduct of Rivera and Defendants, John Does, was caused by the failure of Defendants, with deliberate indifference, to properly train, control or supervise these police officers.

38. The above described acts or omissions by Defendants demonstrated a deliberate indifference to the rights of citizens, such as Plaintiff, and were the causes of the violation of Plaintiff's rights as set forth herein.

39. At all times material, Plaintiff was not required, and had no obligation to register as a sex offender pursuant to Megan's Law.

40. At all times material, Defendants knew, or should have known, that Plaintiff was not required and had no obligation to register as a sex offender pursuant to Megan's Law.

41. At all times material, Defendants unlawfully compelled and/or forced Plaintiff to register as a sex offender pursuant to Megan's Law.

42. Defendants had actual knowledge that Plaintiff had no obligation to register as a sex offender pursuant to Megan's Law, and had the power and opportunity to prevent the Constitutional violations aforesaid from occurring; yet, Defendants failed to intervene or otherwise prevent said violations.

WHEREFORE, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendants individually, jointly and severally, in an amount in excess of $75,000.00, plus such other and further relief as this Honorable Court deems necessary and just and to order the following in relief:

(a) Injunctive relief including but not limited to, permanent deletion of Plaintiff from the Megan's Law registry;

(b) Statutory damages;

(c) Compensatory damages, including;

    (i) actual damages for financial injury, pain and suffering, and emotional distress;
    (ii) compensation for tort damages as a result of the psychological injury sustained by Plaintiff;
    (iii) attorney's fees and expenses, cost of suit; and

(d) Punitive damages.

**WEISBERG LAW, P.C.**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff