IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD HOLBROOK, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 10-2563 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this      day of          , 2012, upon consideration of Commonwealth of Pennsylvania, the Pennsylvania Department of Corrections and the Pennsylvania State Police's Motion to Dismiss Second Amended Complaint, it is hereby ORDERED that the Motion is GRANTED. The Second Amended Complaint is hereby dismissed as to Commonwealth of Pennsylvania, the Pennsylvania Department of Corrections and the Pennsylvania State Police.

BY THE COURT:

_____
Rueter, M. J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD HOLBROOK, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 10-2563 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

**COMMONWEALTH DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Commonwealth of Pennsylvania, the Pennsylvania Department of Corrections and the Pennsylvania State Police, pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), hereby move to dismiss the Second Amended Complaint for the reasons stated in the attached Memorandum.

Wherefore, Commonwealth defendants request that plaintiff's Second Amended Complaint be dismissed.

                                    LINDA L. KELLY
                                    Attorney General

                                  /s/Barry N. Kramer
                                  Barry N. Kramer
                                  Chief Deputy Attorney General
                                  Attorney I.D. No. 41624

Office of Attorney General
21 South 12th Street, 3rd Floor
Philadelphia, PA 19107
Phone: (215) 560-1581
Fax:    (215) 560-1031

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD HOLBROOK, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 10-2563 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF COMMONWEALTH DEFENDANTS'
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

**I.   INTRODUCTION**

This 42 U.S.C. § 1983 counseled lawsuit, initially filed in May 2010 and relating to events that occurred in May 2008, apparently has had several iterations against various defendants. In its current iteration in the Second Amended Complaint ("SAC"), for the first time, plaintiff names Commonwealth parties as defendants. In his SAC, Edward Holbrook alleges, inter alia, violation of the Fourth and Fourteenth Amendments to the United States Constitution. Seeking damages, he sues the City of Philadelphia, Philadelphia Police Officer Felix Rivera, the Commonwealth of Pennsylvania, the Pennsylvania Department of Corrections and the Pennsylvania State Police. Plaintiff alleges that Philadelphia Police Officer Rivera unlawfully arrested him on or about May 29, 2008, because plaintiff had allegedly failed to register as a Megan's Law sex offender as required under 42 Pa.C.S. § 9791, et seq., after a prior conviction in New Jersey for sex offenses. SAC, ¶¶ 6-10, 17. Plaintiff alleges he was not subject to Pennsylvania's Megan's Law and not required to register thereunder. Id. ¶¶ 13-14. On June

3

25, 2009, after being incarcerated because of Rivera's arrest, the criminal charges were dismissed and plaintiff was released. Id. ¶ 21.

The only claim against the Commonwealth of Pennsylvania, the Pennsylvania Department of Corrections and the Pennsylvania State Police (together "Commonwealth defendants") is a § 1983 claim under Monell v. Department of Social Services, 436 U.S. 658 (1978), for failure to train. Commonwealth defendants now move to dismiss the Second Amended Complaint.

## II.   ARGUMENT

### A.   Standard on a Motion to Dismiss

**Rule 12(b)(1)**

A Rule 12(b)(1) motion is the proper mechanism for raising the issue of whether Eleventh Amendment immunity bars federal jurisdiction. Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 n. 2 (3d Cir. 1996), citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984) (Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction).

**Rule 12(b)(6)**

Following the Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), pleadings standards in federal civil rights actions have shifted from simple notice pleading to a more heightened form of pleading that requires a plaintiff to plead more than the possibility of relief to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009). See Phillips v. County of Allegheny, 515 F. 3d 224, 230 (3d Cir. 2008).

Following Twombly and Iqbal, when presented with a motion to dismiss for failure to state a claim, the district court should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The court must accept all of the complaint's well-pleaded facts as true but may disregard legal conclusions. Iqbal, 129 S.Ct. at 1950. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. Id. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" Iqbal, at 1950.

## B.     The Eleventh Amendment Bars the Claim against Commonwealth Defendants

The Eleventh Amendment bars the § 1983 suit against Commonwealth defendants. Absent consent by the State, the Eleventh Amendment[1] bars suits for damages in federal court by a private party against states, state agencies and state officials in their official capacities. Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261 (1997); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Pennhurst State School v. Halderman, 465 U.S. 89 (1984); Kentucky v. Graham, 473 U.S. 159, 169 (1985) (state officials sued in their official capacities are immunized from federal suit); Melo v. Hafer, 912 F.2d 628, 642 (3d Cir.1990), aff'd, 502 U.S. 21, 31 (1991). The bar extends to suits against departments or agencies of the state having no existence apart from the state. Laskaris v. Thornburgh, 661 F. 2d 23, 25 (3d Cir. 1981), citing Mt. Healthy City

---

[1] The Eleventh Amendment provides that "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

Board of Ed. v. Doyle, 429 U.S. 274, 280 (1977). As when the State itself is named as the defendant, a suit against a state agency or official in his official capacity is barred, regardless of the relief requested. Seminole Tribe, 517 U.S. at 58; Edelman v. Jordan, 415 U.S. 651, 667 (1974); Papasan v. Allain, 478 U.S. 265 (1986); Lavia v. Pennsylvania DOC, 224 F. 3d 190, 195 (3d Cir. 2000).

Neither supplemental jurisdiction nor any other basis of jurisdiction overrides the Eleventh Amendment. Pennhurst, 465 U.S. at 121. Specifically, § 1983 does not override the Eleventh Amendment. Quern v. Jordan, 440 U.S. 332, 341-42 (1979). While a state may consent to be sued in federal court, e.g., Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73 (2000); Seminole Tribe, 517 U.S. at 55-56; Pennhurst, 465 U.S. at 99 (waiver must be "unequivocally expressed"), Pennsylvania has expressly withheld consent. 42 Pa. C.S. § 8521(b); 1 Pa. C.S. § 2310. See Laskaris, 661 F. 2d at 25. Regardless of the relief requested, the Eleventh Amendment precludes subject matter jurisdiction over the Commonwealth and its executive agencies, the Department of Corrections and the State Police, both arms of Commonwealth government.[2] SAC, ¶ 5. See 71 P.S. §§ 61, 732-102; Lavia, 224 F.3d at 195. The suit against Commonwealth defendants must be dismissed.

## C.   The Monell Claim is Barred

The only claim against Commonwealth defendants is a § 1983 claim under Monell v. Department of Social Services, 436 U.S. 658 (1978), for failure to train. SAC, Count II. This claim cannot stand. First, Monell and progeny set forth an analysis for determining whether a municipality or other local government entity may be held liable for an alleged failure to train. Monell does not apply to Commonwealth defendants. 436 U.S. at 690. See City of Canton, Ohio

---

[2] Separate and apart from Eleventh Amendment immunity, Commonwealth defendants are not considered a "person" amenable to suit under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 69-71, & n.10 (1989).

v. Harris, 489 U.S. 378, 385-388 (1989). Moreover, no claim against Commonwealth defendants for the actions of a Philadelphia Police Officer may be stated. Rivera is employed by the Philadelphia Police Department, SAC, ¶¶ 3-4, and there are no allegations that Commonwealth defendants had any responsibility to train Rivera in Megan's Law operations or anything else.

Finally, the claim is barred by the applicable two years statute of limitations. A district court may dismiss a complaint for failure to state a claim based on a time-bar where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Const., 570 F. 2d 1168, 1174 (3d Cir. 1978). See Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989).

Because § 1983 does not contain a statute of limitations, "federal courts must look to the statute of limitations governing analogous state causes of action." Urritia v. Harrisburg County Police Department, 91 F.3d 451, 457 n. 9 (3d Cir.1996). See also Sameric Corp. of Delaware v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir.1998). In determining which state limitations period to use in federal civil rights cases, we look to the general, residual statute of limitations for personal injury actions. See Owens v. Okure, 488 U. S. 235, 249-250 (1989); Wilson v. Garcia, 471 U.S. 261, 276-80, (1985). Thus, for a § 1983 action originating in Pennsylvania, we look to 42 Pa.C.S. § 5524, which provides that the statute of limitations for a personal injury action is two years. See Getchey v. County of Northumberland, 120 Fed.Appx. 895, 897-98, 2005 WL 22871 at *1-2 (3d Cir. 2005); Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000) (applying the Pennsylvania two-year statute of limitations to a claim alleging violation of plaintiff's federal civil rights); Bougher v. University of Pittsburgh, 882 F.2d 74, 78 (3d Cir. 1989); Knoll v. Springfield Township School District, 763 F.2d 584 (3d Cir. 1985). A cause of action accrues when the plaintiff knows or has reason to know of the injury that constitutes the

basis of the cause of action. Chardon v. Fernandez, 454 U.S. 6 (1981); Sameric Corp. of Delaware v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir.1998); Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991); Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982).

Officer Rivera's allegedly unlawful arrest and plaintiff's subsequent detention that constitute the basis of the cause of action occurred on or about May 29, 2008. SAC, ¶¶ 6-10, 17. On June 25, 2009, after being incarcerated because of the arrest, the criminal charges were dismissed and plaintiff was released. Id. ¶ 21. While plaintiff originally filed the instant action on May 27, 2010 (doc. no. 1), Commonwealth defendants had no knowledge of this litigation until served with original summons and the Second Amended Complaint on or about February 29, 2012, almost four years after the cause of action accrued. Because the SAC "changes the party or the naming of the party" by adding Commonwealth defendants for the first time and because the requisite prongs of Fed. R. Civ. P. 15(c)(C) have not been satisfied, the SAC does not "relate back" to the date of the original filing as to Commonwealth defendants. As more than two years have elapsed since Complaint was originally filed, the claim against Commonwealth defendants must be dismissed as untimely filed.

**D.      Plaintiff is not Listed as a Megan's Law Sex Offender**

Under the Eleventh Amendment, plaintiff may not get any relief--whether retrospective or prospective--against Commonwealth defendants. Nonetheless, he seeks to have his name deleted as a sex offender in Pennsylvania's Megan's Law records. In fact, he is not listed therein. See Exhibit A, hereto, from PSP's Megan's Law website, searchable as a public document at http://www.pameganslaw.state.pa.us/SearchResults.aspx.[3] Thus, even if plaintiff could sue Commonwealth defendants, prospective relief would be irrelevant.

**III.    CONCLUSION**

For the foregoing reasons, Commonwealth defendants request that plaintiff's Second Amended Complaint be dismissed.

LINDA L. KELLY  
Attorney General  

BY:   /s/ Barry N. Kramer  
BARRY N. KRAMER  
Chief Deputy Attorney General  

Office of Attorney General  
21 South 12th Street, 3rd Floor  
Philadelphia, PA 19107-3603  
Telephone: (215) 560-1581

---

[3] In ruling on a motion to dismiss, a district court may rely on the complaint, attached exhibits, matters of public record as well as documents integral to or relied upon in the complaint without converting the motion to dismiss into one for summary judgment. Sands v. McCormick, 502 F. 3d 263, 268 (3d Cir. 2007); See Pryor v. NCAA, 288 F.3d 548, 560 (3d Cir.2002) (without converting the motion into a motion for summary judgment, court may consider "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading."); Southern Cross Overseas Agency v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999) (judicial proceedings constitute public records and courts may take judicial notice of another court's proceedings).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD HOLBROOK, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 10-2563 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

 I, Barry N. Kramer, hereby certify that Commonwealth defendants' motion to dismiss has been filed electronically on March 12, 2012, and is available for viewing and downloading from the Court's Electronic Case Filing System and is available to the electronic filers.

Matthew Weisberg, Esquire
7 South Morton Ave
Morton, PA 19070

Niya Blackwell, Esquire
City of Philadelphia Law Department
1515 Arch Street
Philadelphia, PA 19107

          BY: /s/ Barry N. Kramer
             Barry N. Kramer