**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EDWARD HOLBROOK | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : NO.:  10-2563 |
| | : |
| CITY OF PHILADELPHIA, ET AL. | : |
| | : |
| Defendants. | : |

**ORDER**

AND NOW this _____ day of _____, 2012, upon consideration of Commonwealth Defendants' Motion to Dismiss, and Plaintiff's Response in opposition thereto, it is hereby ORDERED and DECREED that Defendants' Motion is DENIED.

**AND IT IS SO ORDERED.**

_____
Thomas J. Reuter                    ,M.J.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDWARD HOLBROOK | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.:   10-2563 |
| | : | |
| CITY OF PHILADELPHIA, ET AL. | : | |
| | : | |
| Defendants. | : | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO COMMONWEALTH DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Incorporating by reference Plaintiff's attached Memorandum of Law, Plaintiff respectfully requests this Honorable Court deny Defendants' Motion.

WHEREFORE, Plaintiff respectfully requests this Honorable Court deny Commonwealth Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint.

**WEISBERG LAW, P.C.**

/s/ Matthew B. Weisberg
MATTHEW B. WEISBERG
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD HOLBROOK | : |
| Plaintiff, | : |
| v. | : NO.: 10-2563 |
| CITY OF PHILADELPHIA, ET AL. | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO COMMONWEALTH DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

**I.     Standard**

   A.  Motion to Dismiss:  *Fowler* re *Twombly* and *Iqbal*

**Reversing** the District Court's 12(b)(6) dismissal upon claims of insufficient specificity, the Third Circuit held the United State Supreme Court in Twombly and Iqbal (in accord with Phillips) merely requires that the Complaint "set out 'sufficient factual matter' to show that the claim is sufficiently plausible… [allowing] the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPML Shadyside - - F. 3d - -, 2009 WL 2501662 (C.A.3 (Pa) 2009) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1955 (2009)); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 230 (C.A.3 2008).

Fowler reiterated the appropriate Motion to Dismiss standard, as elucidated in Phillips, remaining: "courts [must] accept all factual allegations as true, construe the Complaint in the light most favorable to the plaintiff, and determine whether, under **any** reasonable reading of the Complaint, the plaintiff *may* be entitled to relief." Fowler, supra (quoting Phillips, at 233) (emphasis added).  "Although Fowler's Complaint is not as rich with detail as some might

prefer, it need only set forth sufficient facts to support plausible claims." Fowler (citing Twombly, at 564, n.8).

"Even post-Twombly, it has been noted that a plaintiff is **not required** to establish the elements of a *prima facie* case but instead, need only put forth allegations that 'raise a reasonable expectation *that discovery will reveal evidence of the necessary element*.'" Fowler, supra; (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 231 2671 (W.D. Pa. 2008) Phillips, at 234. Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting Twombly, at 1969). In fact, a Plaintiff need not plead any causes of action (merely facts with request for relief). *See* 2 James Wm. Moore et al., *Moore's Federal Practice* P 8.04[3].

"Under the Federal Rules of Civil Procedure, an evidentiary standard is not a proper measure of whether a complaint fails to state a claim." Fowler, supra "…[S]tandards of pleadings are not the same as standards of proof." Id. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely." Id. (quoting Twombly, at 556).

B. Amended Pleading

A Plaintiff should be provided an opportunity to file an Amended Complaint if it appears that the deficiencies can be corrected. Twombly, supra.; *See,* 2A J. Moore, *Moore's Federal Practice* ¶12.07 [2.-5], P.12-99 (2d ed. 1994); *accord*, In re Spree.com Corp., 2001 WL 1518242 (Bankr. E.D. Pa. 2001). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See

Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

The Court should freely give leave to amend a Complaint "when justice so requires." FRCP 15(a)(2); Fowler, supra. ("we note that the District Court inexplicably foreclosed Fowler from an opportunity to amend her Complaint so as to provide further specifics…" Though the deadline for amended pleadings had not yet expired, the District Court dismissed Fowler's Complaint with prejudice **in error**) (emphasis added). The Court should grant Plaintiffs leave to amend their Complaint unless futile or prejudicial, *even if not requested*. Adams v Gould, Inc., 739 F.2d 858, 868-870 (C.A.3 1984) (reversing district court denial of motion to amend a complaint to assert a new legal theory); Arthur V. Maersk, Inc., 434 F.3d 196, 204-2017 (C.A.3 2006) (reversing district court denial of motion to amend to add a new party approximately one year after initiation); Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (C.A.3 1993) (finding no prejudice three years after action and two years after complaint was amended for second time). "Prejudice" is often used as a misnomer – *prejudice* is not defined by the requirement of ongoing litigation or defense but instead results from an inability to defend. Id.

C. Jurisdiction

Supplemental jurisdiction "**must**" be declined in lieu of adjudicating pendent State law claims unless consideration is provided in affirmative justification otherwise. Borough of West Mifflin v. Lancaster, 45 F.3d 780 (C.A.3 1995) (emphasis added); *see,* Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to

exercise jurisdiction over the remaining state-law claims"); *see also,* Annulli v. Panikkar, 200 F.3d 189, 202 (3d Cir. 1999).

In adjudicating a peculiar State law question, that analysis should be left to the State Court. Burford v. Sun Oil Co., 319 U.S. 315 (1943); Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25 (1959).

Conclusion: Standard

When applying the correct standard, Plaintiff's Complaint is sufficiently specific and Defendant's Motion should be denied. In the alternative, Plaintiff should be granted leave to amend as this Honorable Court is, respectfully, directed to allow. Otherwise, state law claims should be dismissed without prejudice to the state court.

**II.   Argument**

Prior to the enactment of Megan's Law, Plaintiff pled guilty to unlawful sexual contact on or about September 23, 1993. However, since the enactment of Megan's Law Plaintiff has been repeatedly arrested and re-arrested for failing to register as a Megan's Law offender. At no time was Plaintiff a Megan's Law offender nor required to register as such.

Commonwealth Defendants are statutorily responsible for maintaining the Megan's Law registry. Commonwealth Defendants are liable for maintaining Plaintiff as a Megan's Law offender time and time again.

In light of Commonwealth Defendants' argument vis-à-vis Eleventh Amendment immunity, Plaintiff narrows his request for relief against Commonwealth Defendants to prospective injunctive relief (i.e., an injunction precluding Commonwealth Defendants from maintaining Plaintiff as a Megan's Law offender or requiring his registry as such). Koslow v.

Com. of Pennsylvania, 302 F.3d 161, 178 (C.A.3 (Pa) 2002) (citing Ex Parte Young (internal citation omitted)).

Plaintiff's now claimed form of relief (i.e., prospective injunctive relief) is neither moot for Plaintiff not presently being named a Megan's Law registrant nor is it barred by the statute of limitations.  (i.e., continuing violation). Green v. Mansour, 474 U.S. 64, 68, 106 S.Ct. 423, 426 (1985). Said differently, Plaintiff need not await his "popping up" on the Megan's Law registry and then being re-arrested prior to requesting this Honorable Court for injunctive relief – "he faces a 'real or immediate threat that [he] would be wronged again' in this manner." Hilburn v. D.O.C., 2010 WL 703202, *6 (D.N.J.) (internal citations omitted).

WHEREFORE, Plaintiff respectfully requests this Honorable Court deny Commonwealth Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint.

                                              **WEISBERG LAW, P.C.**

                                              /s/ Matthew B. Weisberg
                                              MATTHEW B. WEISBERG
                                              Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD HOLBROOK | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.: 10-2563 |
| | : | |
| CITY OF PHILADELPHIA, ET AL. | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 2nd day of April, 2012, a true and correct copy of the foregoing Response in Opposition to Commonwealth Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint and Memorandum of Law in support thereof was served via ECF upon the following parties:

Niya L. Blackwell, Esq.
City of Philadelphia Law Department
1515 Arch Street
Philadelphia, PA 19107

Barry N. Kramer, Esq.
PA Office of Attorney General
21 South 12th Street, Third Floor
Philadelphia, PA 19107

**WEISBERG LAW, P.C.**

/s/ Matthew B. Weisberg
MATTHEW B. WEISBERG
Attorney for Plaintiff