IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD HOLBROOK,                           :
                                           :
        Plaintiff,                         :        CIVIL ACTION
                                           :
        v.                                 :        No. 10-2563
                                           :
CITY OF PHILADELPHIA, et al.,              :
                                           :
        Defendants.                        :


**REPLY MEMORANDUM OF LAW IN SUPPORT OF COMMONWEALTH
DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Commonwealth Defendants hereby submit a brief reply to Plaintiff's Opposition to

Commonwealth Defendants' Motion to Dismiss.

Plaintiff seems to suggest that the Court must decline to adjudicate pendant state law

claims if it dismisses the federal claim. The Second Amended Complaint, however, does not

contain any state law claims. The only claim against Commonwealth Defendants is a claim under

Monell v. Department of Social Services, 436 U.S. 658 (1978), in Count II. Further, plaintiff

does not even respond to Commonwealth Defendants' argument that Monell and progeny do not

apply to Commonwealth defendants; the analysis is limited to determining whether a

municipality or other local government entity may be held liable for an alleged failure to train.

Id. 436 U.S. at 690.

Finally, and conclusively, plaintiff cannot elude the immunity provided to

Commonwealth Defendants by the Eleventh Amendment by narrowing his requested relief to

prospective injunctive relief. As noted in Commonwealth Defendants' Motion to Dismiss, at 3-4,

a suit against a state agency is barred, regardless of the relief requested. Seminole Tribe of

Florida v. Florida, 517 U.S. 44, 58 (1996); Edelman v. Jordan, 415 U.S. 651, 667 (1974);

Papasan v. Allain, 478 U.S. 265 (1986); Lavia v. Pennsylvania DOC, 224 F. 3d 190, 195 (3d Cir.

2000).  Neither supplemental jurisdiction nor any other basis of jurisdiction overrides the

Eleventh Amendment. Pennhurst State School v. Halderman, 465 U.S. 89, 121 (1984). Section

1983 actions do not override the Eleventh Amendment. Quern v. Jordan, 440 U.S. 332, 341-42

(1979). See also Will v. Michigan Dep't of State Police, 491 U.S. 58, 69-71, & n.10 (1989)

(Commonwealth defendants are not considered a "person" amenable to suit under § 1983).

 Commonwealth defendants request that plaintiff's Second Amended Complaint be

dismissed with prejudice.

     LINDA L. KELLY
     Attorney General

    BY: /s/ Barry N. Kramer
     BARRY N. KRAMER
     Chief Deputy Attorney General

Office of Attorney General
21 South 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-1581

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD HOLBROOK,                    :
                                    :
        Plaintiff,                  :        CIVIL ACTION
                                    :
        v.                          :        No. 10-2563
                                    :
CITY OF PHILADELPHIA, et al.,       :
                                    :
        Defendants.                 :

**CERTIFICATE OF SERVICE**

        I, Barry N. Kramer, hereby certify that Commonwealth defendants' Reply Brief has been filed electronically on April 4, 2012, and is available for viewing and downloading from the Court's Electronic Case Filing System and is available to the electronic filers.

Matthew Weisberg, Esquire
7 South Morton Ave
Morton, PA 19070

Niya Blackwell, Esquire
City of Philadelphia Law Department
1515 Arch Street
Philadelphia, PA 19107


                        BY:     /s/ Barry N. Kramer_____
                                Barry N. Kramer